**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------x
                              :
MONIQUE N. DALEY               :      Civ. No. 3:16CV00180(AWT)
                              :
v.                             :
                              :
YALE NEW HAVEN HOSPITAL         :      September 13, 2017
                              :
------------------------------x
```

## RULING

Self-represented plaintiff Monique N. Daley ("plaintiff") filed a Complaint and Motion for Leave to Proceed in Forma Pauperis. [Docs. ##1, 2]. Plaintiff's Motion for Leave to Proceed in Forma Pauperis was granted, and plaintiff's Complaint was ordered dismissed without prejudice to the filing of an Amended Complaint. [Docs. ##9, 17]. On August 5, 2016, plaintiff timely filed an Amended Complaint. See Doc. #18. The Court has reviewed the Amended Complaint and determines that the allegations of the Amended Complaint, when supplemented by the materials submitted by plaintiff in connection with her Objection to the Recommended Ruling, are sufficient to permit the claims to proceed to service of process on defendant.

1. **Incorporation of Attachments into Amended Complaint**

When a Court evaluates a complaint to determine whether it states a claim upon which relief may be granted, it considers, of course, the allegations on the face of the complaint. The Court also considers, however, "documents appended to the

complaint or incorporated in the complaint by reference, and matters of which judicial notice may be taken." Lunardini v. Massachusetts Mut. Life Ins. Co., 696 F. Supp. 2d 149, 155 (D. Conn. 2010) (internal citations and quotation marks omitted). The Court may also consider any document "upon which the complaint solely relies and which is integral to the complaint[.]" Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007) (internal citation and quotation marks omitted).

On June 17, 2016, plaintiff filed an Objection to the Recommended Ruling, which provided a great deal of additional information about her claims. See Doc. #12. In her later-filed Amended Complaint, plaintiff refers at least three times to "documents that were submitted to the [court] on 6-17-16." Doc. #18-5 at 1; see also Doc. #18-6 at 1. The Court finds that the materials submitted to the Court on June 17, 2016, and docketed as Doc. #12, are incorporated into and made a part of the Amended Complaint.

2.   **Construction of Plaintiff's Claims**

"In deference to the plaintiff's pro se status, the court construes [plaintiff's] complaint liberally, interpreting it to raise the strongest claims that it suggests." Murphy v. JC Penney Reg'l Catalog Ctr., 546 F. Supp. 2d 4, 6 (D. Conn. 2008). Applying this standard, upon review of the Amended Complaint, together with the materials incorporated into it, the Court

finds that the Amended Complaint is sufficient to proceed to service of process as to a claim of discrimination under the Americans with Disabilities Act ("ADA") for a perceived disability, and for retaliation for filing a complaint under the ADA.

Plaintiff alleges that her employment was unlawfully terminated on June 14, 2015. See Doc. #18-4 at 1. Plaintiff has provided copies of materials submitted to the Connecticut Commission on Human Rights ("CHRO") in which she makes these allegations. See Doc. #12 at 16-17; 21-24. Specifically, she asserts that her employer "is insinuating" that she has a mental illness, and discriminating on her on that basis. Doc. #12 at 23-24. She has provided copies of correspondence from her employer asserting that her termination was based in part on her "remarks to fictional people and conversations with yourself," Doc. #12 at 18, and a disciplinary action form stating that she was heard "speaking out loud to yourself" or "talking to yourself in the workplace," Doc. #12 at 36. The materials provided contain a number of references to similar concerns. The Court construes the Amended Complaint to assert two claims: (1) Discrimination on the basis of a perceived disability under the ADA, and (2) Retaliation under the ADA.

**3.    Initial Review of Amended Complaint**

The Court has reviewed the Amended Complaint under the standards set forth in 28 U.S.C. §1915(e). The Court finds that the allegations of the Amended Complaint, as construed herein, are sufficient to proceed to service of process.

**4.    Conclusion**

For the reasons set forth above, the Court finds that plaintiff has alleged claims of discrimination on the basis of a perceived disability under the ADA, and retaliation under the ADA, against defendant Yale-New Haven Hospital. The Amended Complaint, as construed herein, is sufficient to proceed to process against defendant Yale-New Haven Hospital.

SO ORDERED at New Haven, Connecticut, this 13th day of September, 2017.

                                   /s/
                    HON. SARAH A. L. MERRIAM
                    UNITED STATES MAGISTRATE JUDGE